## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLER FELLERS            ) | |
|       Plaintiff,   ) | |
| ) | Case No: _____ |
| BOHM FARM & RANCH, INC.  ) | |
|       Defendant.  ) | |

## COMPLAINT

Plaintiff Tyler Fellers ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Defendant Bohm Farm & Ranch, Inc. hereby states and alleges as follows:

## INTRODUCTION

1. Plaintiff worked as a dispatcher for Defendant for almost five years.

2. Plaintiff worked in excess of forty (40) hours per week but never received overtime pay or any other benefits from Defendant.

3. Instead, Defendant improperly labeled Plaintiff as an "independent contractor" as opposed to the employee he was.

4. In doing so, Defendant willfully violated the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*., in order to cut costs at Plaintiff's expense.

5. Plaintiff is entitled to overtime pay and other damages as set forth and alleged below.

## JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Federal question jurisdiction over the FLSA

claims of Plaintiff is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Defendant is subject to the personal jurisdiction of this Court because it is a Kansas corporation with its principle place of business in Salina, Kansas.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the actions and events at issue all occurred within the State of Kansas.

## PARTIES

9. Plaintiff is a citizen and resident of Kansas.

10. Defendant is a Kansas corporation having its principal place of business in Kansas. It is in the transportation business, trucking food and other items all across the country.

11. At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

12. Defendant is represented by counsel who has agreed to accept service of process of this Complaint.

## GENERAL ALLEGATIONS

13. Plaintiff was a dispatcher for Defendant's trucking business for almost five years.

14. Plaintiff performed the following, nonexclusive duties for Defendant:

   a. Arranged for trucks and drivers to deliver product and items for Defendant's business;

   b. Dealt with insurance claims made by or against Defendant relating to its transportation business;

   c. Collected payments from Defendant's customers; and

   d. Answered phone calls to and from Defendant's customers and other business entities/divisions; and

15. The details and extent of the duties Plaintiff performed were decided and determined at the sole direction of Defendant and its CEO/Owner, Mr. Peter Bohm.

16. Plaintiff was required to be at Defendant's offices during the hours of 8:00 to 5:00 daily.

17. Plaintiff consistently worked at *least* sixty (60) hours per week for Defendant.

18. Plaintiff routinely worked weekends and nights.

19. Defendant never paid Plaintiff overtime for the hundreds and hundreds of hours of overtime he worked. Instead, Plaintiff was paid a small commission (similar to salesmen) *regardless* of the number of hours he worked.

20. Defendant never provided Plaintiff with any vacation, health care, or other benefits.

21. During the five years he worked for Defendant, Plaintiff never provided *any* service or work for any other person or entity other than Defendant. Indeed, Plaintiff's sole income came solely from Defendant.

22. The duration of Plaintiff's work for Defendant was continuous and of indefinite duration.

23. Plaintiff has never provided any services to Defendant or anyone else as a limited liability company or any other type of organization. Instead, all of the services he performed for Defendant were solely in his individual capacity and for the sole benefit of Defendant.

## ALLEGATIONS APPLICABLE TO THE FLSA

24. At all times relevant herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

25. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of

goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

26. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

27. During all times relevant to this action, Defendant was the "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

28. During all times relevant to this action, Plaintiff was Defendant's "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

29. Plaintiff is a covered, non-exempt employee within the meaning of the FLSA. Accordingly, Plaintiff must be paid overtime in accordance with 29 U.S.C. § 207(a).

30. Pursuant to the FLSA, Plaintiff is also entitled to be compensated at a rate of not less than one and one-half times of his regular rate for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

31. Although the FLSA contains some exceptions (or exemptions) from the overtime requirements, none of those exceptions (or exemptions) applies here.

32. In particular, the motor carrier exemption under the FLSA does not apply here. Plaintiff was a dispatcher. He was never a driver, driver's helper, loader, or mechanic for Defendant. In addition, Plaintiff never had any duties that affected the safety of operation of motor vehicles of any type.

## COUNT I – VIOLATION OF FLSA

33. Plaintiff re-alleges the allegations set forth above.

34. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201,et seq.

35. Defendant violated the FLSA by failing to pay Plaintiff all hours worked, including overtime.

36. Defendant is not eligible for any FLSA exemption excusing its failure to pay overtime. Plaintiff is entitled to damages equal to the mandated overtime premium pay set forth in the FLSA, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

37. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant did act with good faith and reasonable grounds in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

38. As a result of the aforesaid violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

a. Award Plaintiff damages for unpaid overtime wages under 29 U.S.C. § 216(b);

b. Award Plaintiff liquidated damages under 29 U.S.C. § 216(b);

c. Award Plaintiff pre-judgment and post-judgment interest as provided by law;

d. Award Plaintiff attorneys' fees and costs under 29 U.S.C. § 216(b); and

e. Award Plaintiff such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury of all issues so triable.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates the federal court in Kansas City, Kansas, as the place of trial.

Dated: December 2, 2022

    Respectfully submitted,

    **POSPISIL SWIFT, LLC**

    /s/    Michael D. Pospisil

    Michael D. Pospisil    #18540
    Matthew T. Swift    #25375
    Pospisil Swift LLC
    1600 Genessee St., Ste. 340
    Kansas City, Missouri 64102
    Tel: (816) 895-6440
    Fax: (816) 895-9161
    mdp@pslawkc.com
    mts@pslawkc.com